T.C. Summary Opinion 2002-84

UNITED STATES TAX COURT

ROBERT AND CLARA SATRIANA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9263-01S.                    Filed July 10, 2002.

Robert and Clara Satriana, pro se.

Dennis R. Onnen, for respondent.

COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]    Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $6,984 and $8,589 in petitioners' Federal income taxes, respectively, for 1998 and 1999 and corresponding penalties under section 6662(a) in the amounts of $1,396 and $1,717. After concessions by respondent,[2] the issues for decision are: (1) Whether, for the years 1998 and 1999, petitioners are entitled to itemized deductions for charitable contributions; (2) whether, for the year 1998, petitioners are entitled to an itemized deduction for

---

[2] In the notice of deficiency, respondent disallowed some of the itemized deductions on Schedule A, Itemized Deductions, claimed by petitioners. The remaining itemized deductions that were not disallowed totaled less than the standard deduction allowed under sec. 63(c); consequently, respondent allowed petitioners the standard deduction for each year at issue. In the written stipulation submitted at trial, respondent agreed to petitioners' entitlement to some of the disallowed expenses, as follows:

|  | 1998 | 1999 |
|---|---|---|
| State and local taxes | $ 2,351 | $ 2,265 |
| Real estate taxes | -- | 1,922 |
| Home mortgage interest | 11,025 | 14,072 |
| Gambling losses | -- | 1,920 |
| Totals | $13,376 | $20,179 |

During the trial, respondent further conceded petitioners' entitlement to an itemized deduction of $1,570 for real estate taxes for 1998. As a result of these concessions, coupled with those itemized deductions that were not disallowed in the notice of deficiency, respondent conceded that petitioners were entitled to itemized deductions for both years in lieu of the standard deduction. Respondent further conceded that the self-employment tax computation in the notice of deficiency relating to petitioners' trade or business activity was in error, and the self-employment tax for that activity should be computed on net profits rather than on the amount of the disallowed expenses as calculated in the notice of deficiency.

unreimbursed employee business expenses; (3) whether, for the years 1998 and 1999, petitioners are entitled to itemized deductions for home mortgage interest in excess of amounts conceded by respondent; (4) whether, for the year 1998, petitioners are entitled to an itemized deduction for real estate taxes in excess of an amount orally conceded by respondent at trial; (5) whether petitioners are entitled to deductions for expenses incurred by Mrs. Satriana during 1999 in the conduct of a trade or business activity; and (6) whether petitioners are liable for the accuracy-related penalties under section 6662(a). In addition, the Court considers the applicability of section 6673(a) to the facts of this case.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Bernalillo, New Mexico.

Petitioners were both employed during the years at issue. Mr. Satriana was a building inspector for the City of Rio Rancho, New Mexico, and Mrs. Satriana was administrator for a substance abuse prevention program for Sandoval County, New Mexico. In addition, for the year 1999, Mrs. Satriana was engaged in a Mary Kay Cosmetics business activity.

On their joint Federal income tax returns for the years at issue, petitioners reported gross salary and wage income of

$70,690 and $72,320, respectively, for 1998 and 1999.  For 1999,
petitioners reported a net loss of $5,148 from the Mary Kay
Cosmetics business activity.  Petitioners claimed itemized
deductions on a Schedule A, Itemized Deductions, of $39,903 and
$31,737, respectively, for 1998 and 1999.

Prior to the years in question, petitioners prepared their
own tax returns.  For 1998 and 1999, they engaged the services of
a return preparer, Robin Beltran, to prepare their returns for
those years.  Mr. Beltran was recommended to petitioners by
several people.  In preparing their returns, Mr. Beltran did not
rely on any records or substantiating information to support the
expenses and deductions claimed on the returns.  He explained to
petitioners that records were not necessary and that taxpayers
were allowed to deduct expenses based upon their income levels.
Petitioners, at one point, expressed reservations to Mr. Beltran
regarding the amounts claimed on the returns, particularly with
respect to their charitable contributions.  As Mrs. Satriana
testified at trial:[3]

> And when we looked it [the returns] I asked him, aren't you
> kind of like transposing some of this stuff.  I said, We
> don't have 5,000-and-some-dollars' worth of cash that we've
> given out.  I don't have any receipts for that.  I don't
> keep receipts.  I don't ask the church to give me anything.

---

[3] This case is one of numerous cases heard by the Court
involving tax returns prepared by Mr. Beltran, which essentially
involve the same deductions.

He said, That's what is allowable under the law.  I know it.  I've studied the books.  I've been an IRS man.  I've done taxes for 17 years.  And I know what I'm doing.

With respect to the first issue, petitioners claimed charitable contribution deductions on their returns as follows:

|  | 1998 | 1999 |
|---|---|---|
| Cash (checks) | $5,667 | $5,584 |
| Noncash contributions | 413 | 413 |
| Totals | $6,080 | $5,997 |

At trial, Mrs. Satriana admitted that the bulk of their contributions were noncash rather than cash.  She submitted lists of clothing and other household items that she and her husband donated to two organizations, which they estimated were worth $5,000 and $3,800, respectively, for 1998 and 1999; however, no appraisals were ever made of the value of the properties contributed, nor were any written acknowledgments of such donations made by the donee organizations.  Mrs. Satriana admitted that their cash contributions were far less than the amounts claimed on their returns.  Neither of the tax returns included an IRS Form 8283, Noncash Charitable Contributions, which is required to satisfy the requirements of section 1.170A-13(b)(3), Income Tax Regs., relating to deductions in excess of $500 claimed for a charitable contribution of property other than money.  The Court is satisfied that Mr. Beltran deliberately and

intentionally listed petitioners' noncash charitable contributions on the returns at less than $500 and inflated the cash contributions to avoid the need for appraisals and written acknowledgments from the donees.  The Court holds that petitioners are not entitled to any deductions for noncash contributions for the 2 years at issue.  As to cash contributions, based on the record and in accordance with this Court's discretionary authority under Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), the Court allows petitioners cash contribution deductions of $300 for each year at issue.

With respect to the second issue, relating to petitioners' claim of an itemized deduction for unreimbursed employee expenses for 1998, Mrs. Satriana claimed at trial that the amount at issue represented expenses for the use of her vehicle in connection with her Mary Kay Cosmetics activity.  However, the record does not reflect that Mrs. Satriana was engaged in this activity during 1998.  There was no Schedule C, Profit or Loss From Business, included with the 1998 tax return relating to such an activity, nor was there any income or deductions reported or claimed on the return relating to such activity.  Petitioners, therefore, are not entitled to any expense deduction for the use of a vehicle in connection with a nonexistent trade or business activity during 1998.  Mrs. Satriana also contended that the vehicle was used by Mr. Satriana in connection with his

employment.  However, petitioners did not maintain logs or other contemporaneous records to substantiate the expenses incurred in the use of the vehicle.  Such records are required under section 274(d).  Petitioners, therefore, are not entitled to a deduction for unreimbursed employee expenses for 1998.[4]

The third issue is whether petitioners are entitled to a deduction for home mortgage interest for the years 1998 and 1999 in excess of the amounts conceded by respondent at trial.  The amounts that respondent did not concede represented points or prepaid interest petitioners incurred in the refinancing of their residence in each of the years in question.  The total points, however, were not independently paid by petitioners but were financed by the lender and included as part of the gross loan.

Generally, interest paid on home indebtedness is deductible by virtue of section 163(h)(2)(D), which provides that any qualified residence interest does not constitute nondeductible personal interest.  Prepaid finance charges, to the extent such charges represent deferred interest on a loan, are generally deductible over the life of the loan.  Sec. 461(g).  However, where the points (prepaid interest) are not paid separately by

_____

[4]  Petitioners also claimed a $300 deduction for tax preparation fees that was disallowed by respondent.  Even if petitioners paid this amount, such amount is less than the sec. 67(a) limitation; therefore, petitioners would attain no tax benefit from this expense.

the borrower but are advanced by the lender, or the proceeds of the loan are reduced by the amount of the points, the taxpayer is not considered to have paid the deferred interest, and, therefore, the points are not deductible under section 461(g). Schubel v. Commissioner, 77 T.C. 701 (1981). Respondent, therefore, is sustained on this issue.

The fourth issue relates to the itemized deduction claimed by petitioners on their 1998 return for real estate taxes in the amount of $4,154. During the trial, respondent conceded petitioners' entitlement to a deduction of $1,570 for such taxes. Petitioners presented no evidence to establish a payment of such taxes in excess of the amount conceded by respondent. Petitioners, therefore, are not entitled to a deduction for real estate taxes in excess of $1,570 for 1998.

The fifth issue relates to the trade or business activity conducted by Mrs. Satriana during 1999 as a Mary Kay consultant. On Schedule C of their 1999 return, petitioners reported gross receipts of $2,300, no cost of goods sold, and gross income of $2,300. The expenses deducted were:

| | |
|---|---|
| Car and truck | $2,636 |
| Supplies | 4,232 |
| Travel | 300 |
| Meals and entertainment | 30 |
| Utilities | 250 |
| Total | $7,448 |

Thus, petitioners claimed a net loss of $5,148.

In the notice of deficiency, respondent disallowed all the claimed deductions for lack of substantiation and determined a self-employment tax liability based on $7,448. Respondent conceded that this computation was in error, and that the self-employment taxes should have been calculated on the determined net profit, $2,300, with allowance of a deduction of one-half of such taxes under section 164(f).

Mrs. Satriana did not present at trial any accounting books or records of her income or expenses for this activity. She presented copies of several invoices for the purchase of merchandise from Mary Kay during 1999 and copies of two checks totaling $69.62 for telephone expenses. No other documentation or supporting evidence was presented. The Court is satisfied that petitioner did purchase sales merchandise for her activity, and that no deduction from gross income was claimed on the return for cost of goods sold. No documentation or explanation was offered as to the $4,232 expense deduction for "Supplies", which respondent disallowed. The Court is satisfied that some expense was incurred in the generation of the $2,300 reported gross income, and, pursuant to Cohan v. Commissioner, supra, the Court holds petitioners are entitled to deduct unspecified expenses of $700 for 1999. No portion of this allowed amount, however, is to

be construed as an allowance for expenses subject to the strict substantiation rules of section 274(d).

Petitioners contend they should be absolved of liability for the section 6662(a) penalties because they relied on the representations of their return preparer.

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and disregard consists of any careless, reckless, or intentional disregard. Sec. 6662(c). The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989). Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances". An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with

respect to the underpayment.  Sec. 6664(c).  Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances.  The most important factor is the extent of the taxpayer's effort to assess the proper tax liability.  Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.  Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  Moreover, a taxpayer is generally charged with knowledge of the law.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).  Although a taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it.  Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional.  Sec. 1.6664-4(b)(1), Income Tax Regs.; sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).  Reliance on a professional adviser, standing alone, is not an absolute defense

to negligence; it is only one factor to be considered.  In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter.  Freytag v. Commissioner, supra at 888.

Petitioners made no effort to ascertain the professional background and qualifications of their return preparer, Mr. Beltran.  When they questioned him about the fact that their cash contributions to charity on their returns were considerably in excess of what they had in fact contributed, they blindly accepted Mr. Beltran's explanations that they could deduct such amounts based on their income levels.  Petitioners did not go beyond that to ascertain whether this was a correct statement of tax law.  The Court is satisfied that petitioners knew that they could only claim deductions that could be substantiated. Petitioners' failure to have someone examine the returns for them with respect to entries on their returns, which they knew were incorrect, constitutes negligence or disregard of rules or regulations.  Petitioners had reservations about the way Mr. Beltran was preparing their returns, and they took no steps to satisfy themselves that their returns were correct.  These facts demonstrate to the Court that petitioners made no reasonable effort to ascertain their correct tax liability for the years at

issue.  <u>Stubblefield v. Commissioner</u>, <u>supra</u>.  On this record, the Court sustains respondent on the section 6662(a) accuracy-related penalties for the 2 years at issue.

Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not exceeding $25,000 when, in the Court's judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in the proceeding is frivolous or groundless. On this record, the Court considers petitioners' claim that they should not be liable for the section 6662(a) penalties to be frivolous and groundless.  Petitioners knew that a substantial portion of the itemized deductions at issue was false and could not be sustained.  Other circumstances noted above need not be repeated here.

The function of this Court is to provide a forum to decide issues relating to liability for Federal taxes.  Any reasonable and prudent person, under the facts presented to the Court, should have known that the claimed deductions could not have been sustained, and petitioners knew that.  We do not and should not countenance the use of this Court as a vehicle for a disgruntled litigant to proclaim the wrongdoing of another, his return preparer, as a basis for relief from a penalty that was determined by respondent on facts that clearly are not sustainable.  <u>Golub v. Commissioner</u>, T.C. Memo. 1999-288.

Petitioners, therefore, have interfered with the Court's function to the detriment of other parties having cases with legitimate issues for the Court to consider.  Petitioners have caused needless expense and wasted resources, not only for the Court, but for its personnel, respondent, and respondent's counsel. Under these circumstances, the penalty under section 6673 is warranted, and petitioners will be ordered to pay a penalty of $500 to the United States under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.